This morning is Autovest, LLC v. Moss. Council, whenever you're ready, you may proceed. May I please the courts? Please introduce yourself because we're recording. Yes, Your Honor. That doesn't amplify. It records. Okay. Okay. Thank you. Conrad Scully, on behalf of the appellant, Rolking. Go ahead. Your Honors, we're here on the issue today regarding the lower court's granting of opposing counsel's 2-1401 petition. Now, the three issues that should be addressed today that I would like to address. First is a question of whether this appeal can actually be heard. It's an issue that's been raised by opposing counsel. Second is a question of what form of review this court should grant this case. And third is the overall question of whether the lower court properly made its determination in that petition. First is a question of appeal, whether this appeal can be heard. A lack of a written order by the lower court is not automatically fatal to a case. What about the docket entry? If you made no order or no written order to follow, it seems like the judgment was made. If no more extensive or formal written order other than the written docket entry was sufficient in the judge's mind. Yes, Your Honor. So Illinois case law has been pretty clear that when there's no expected written order to follow the actual oral order or judgment in the case, then the actual oral order or judgment written in the docket is sufficient enough to be put on appeal. There would be no written order necessary. This is clear in a number of cases, but especially people via Meninga. And most of the courts, appellate courts have been concerned over the issue of whether there is sufficient evidence for the appellate court to know if there was a final judgment in the case and what the actual facts of that judgment were. Those issues are not really an issue in this case. It's pretty clear what the court decided that there was a final judgment and what the outcome of the case was. Additionally, even if this court were to find that there wasn't sufficient judgment or it wasn't clear what the judgment was, the case of Hebe v. Ehrich says that the appellate court can take its own action to determine if there was a final judgment and what that judgment was. Again, we don't believe that that's necessary in this case, but if the court finds it necessary, it's certainly possible, and this is not fatal in any way. Second question is what the review of this court should give to the case. Opposing counsel would ask for an abuse of discretion standard. However, that is incorrect. Again, this case is involving a 2-1401 petition, and there are two types of 2-1401 petitions. There is a fact-based petition, and then there is also the legal-based or petition to void a prior judgment. These are two different types. The type of petition that opposing counsel has brought in this case or brought in the lower court was one to void the prior judgment as void or one to rule it as void. That kind of judgment, Illinois courts have determined, is always reviewed de novo. This is a legal-based question. This is not a fact-based question, and so it is up to this court to determine on its own whether that judgment was correct or not. This is clearly made out in Warren County soil versus Walter's case. Additionally, because this is to be reviewed de novo, an incomplete record brought on appeal is also not fatal. When a case is reviewed under a petition, a 2-1401 petition is reviewed de novo. An incomplete record is not fatal. Also, opposing counsel will ask this court to give deference or automatically assume that the lower court made a correct decision. Again, that would be incorrect under a de novo review. Ultimately, because this appeal is proper and can be heard, because this court is to make a de novo review of the decision, the question is, ultimately the question is whether that lower court properly granted the 2-1401 petition. The reason that opposing counsel brought a 2-1401 petition was because they did not make it within the 30-day period in which they could ask the court to review their judgment. So the only form of remedy was this type of petition. Now, opposing counsel decided not to bring a fact-based 2-1401 petition, which would require a merit-based defense and also a showing of due diligence in that case as to why that prior decision should be overturned. Probably this is understandable because based on the facts of the case, there's clear evidence of lack of due diligence and a lack of a meritorious defense. So potentially opposing counsel saw this as the only opportunity to actually overturn the judgment. So they brought a petition to void a prior judgment, which has a very specific requirement of showing. In the case of LVNV funding v. Trice, a 2-1401 petition to void a prior judgment simply requires a showing that the court lacked jurisdiction in their prior ruling. So the question that comes up is whether the lower court actually lacked jurisdiction in that decision when they made it. The evidence of the case is fairly clear that there was no lack of jurisdiction. Personal jurisdiction existed because opposing counsel was the party that actually brought this case in the beginning. They availed themselves of the court from the very beginning, so personal jurisdiction was fairly clear. Also on the issue of subject matter jurisdiction, this was a lower court, and so the lower court is able to hear all issues of justiciable matters, and this was a case regarding a wage garnishment judgment, as well as questions of attorney's fees and proper notice and service and things like that. So clearly the court had proper subject matter jurisdiction over this issue as well. So the question is, what was the reason opposing counsel brought this petition to void the prior judgment? And the only reasoning that is given is the fact that they had an error on the notice given to them of this court hearing date on May 19th. They received a notice of hearing that had the date 195th of May. Obviously that is an error, and obviously there was an error in that notice. However, Illinois courts have shown that an error itself is not fatal to a case. This is shown in Orr v. Prairie material sales. This is also more so not fatal when the error is obvious or obvious on its face. I think it would be easy to argue that when a date shows 195th, a date that is not possible to exist, this is a clear error that took place. Additionally, we provided a letter to opposing counsel that also had the correct date. Because of communication issues with opposing counsel in determining a proper hearing date on this issue, we decided it was important to reach out to them and let them know, aside from the actual notice given, but also a letter explaining when we were expecting to have the date for this hearing. That letter also clearly spelled out May 19th. So based on the facts, they had both the notice of hearing that had 19 in it, and we had a letter sent to them that showed 19th of May. And yet they still claimed they had no notice or understanding of when the hearing was, and so because of that, they weren't properly able to represent themselves in court. Based on all of the record, it seems abundantly clear that not only was there an error, but what that error, what the correct date should have been. And so there is certainly a question of whether opposing counsel made due diligence in determining what the proper date was. They could have called the court. They could have called us. They could have reached out to try and find out. Instead, no communication ever took place. Never showed up for the hearing date, and then an appeal or an attempt to overturn the court's judgment or request the court to overturn their own judgment didn't even occur until 117 days after that judgment took place. Based on that, I think it's abundantly clear that opposing counsel lacked due diligence in this case, which again probably goes back to why they did not bring a 2-1401 petition, a fact-based one, that would require meritorious defense and due diligence. Instead, they attempted with a last attempt to bring a petition to void that judgment, which again would lack jurisdiction for the court to make that decision. So, Your Honors, simply ask for the courts to overturn the lower court's decision and grant the appellants relief in this case. Thank you. Thank you, Counsel. Counsel? Good morning. My name is Michael Starzyk, and on behalf of my client, my firm, I'd like to express my appreciation for the attention the appellate court is directing to our case today. From the appellant's argument, a lot of discussion has been made about the ultimate order in this case, which was vacating a sanctions order that was entered by the trial court. But what's missing from that discussion is what was the basis for the sanctions order? In other words, what reasons other than notice, but in addition to notice, could the court have considered in vacating that underlying judgment, underlying order? This appeal finds its genesis in a wage deduction summons, which was issued on February 2, 2016, with a return date of March 10, 2016. It was issued pursuant to the Illinois Wage Deduction Act. And under the Illinois Wage Deduction Act, when a wage summons issues, a wage summons is directed to the employer to be served on the person named as the employer with a return date 21 to 40 days in the future. And if an employer receives service and are unable to provide an answer, the service being untimely, the service being late, the only remedy under the Wage Deduction Act is to continue the return date 21 days. Now, in this particular case, service was had on March 17, seven days after the wage deduction return date. But rather than seeking a 21-day continuance to file its answer in response to the wage deduction, the appellant filed a motion seeking sanctions. And they sought sanctions on three grounds, or on two grounds. First, the first sanction they sought was to have the wage judgment summoned quashed. But if you look at the record, the basis for that decision was that the wage summons was in violation of Supreme Court Rule 101B. But Supreme Court Rule 101B specifically addresses a summons which is addressed to a complaint. So when you're serving an underlying lawsuit. So that was not a basis for quashing the wage deduction summons. As noted, the only remedy is under 12-806, which states that the return date is continued three weeks. The second basis, and the basis on which they thought sanctions were appropriate, were sanctions under Rule 137. Now, 137 requires that the movement meet a burden of showing a false or misleading statement of fact or law within the pleading. The pleading, in this case, being the wage deduction. But if you look at the record, their motion does not state that the wage judgment was improper. It doesn't state a judgment wasn't entered. It doesn't state the judgment was vacated or the person went bankrupt. It simply states that the reason for the sanction is that the wage deduction summons was not served pursuant to 2-204 of the Code of Civil Procedure. But that section of the Code addresses how you serve a corporation. Now, when you're serving a corporation with a complaint, you must serve the registered agent or an agent of that corporation. In this particular case, however, it was a wage deduction summons. And a wage deduction summons is governed under 12-805, and it simply states you serve the person named as the employer. So what's clear from the record is the trial court entered a sanctions order based on an improper citation of Rule 101B when it should have been 12-806. That the trial court entered a sanctions order without having the movement show a false statement of fact or law and without regard to 12-806, which indicates the only sanction available is a three-week continuance. So they made a mistake of rule. They made a mistake as to the statutory provision. And then in addition to that, they put the motion on May 195th. So with that context as to what the actual order was that ultimately was vacated, we can see that the standard that they applied from the Warren case is actually applicable here. So in other words, whether you choose a de novo or an abuse of discretion standard, the court had the authority to vacate this order. And again, the Warren case is a standard that they cited as the standard for this court to apply. Now, the Warren court was the Supreme Court's decision regarding how courts should interpret two 1401 petitions. There was concern because of previous Illinois Supreme Court ruling, the people of the state of Illinois versus Vincent may have confused certain courts because there became a split in the appellate court circuits. So in this case, they sought to clarify exactly what was meant. And what they stated was Vincent represents a specific niche of two 1401 petitions, those presenting a purely legal claim challenging a final judgment. So what they stated as an ultimate reason for the ultimate purpose of a two 1401 petition is this. Relevant to this appeal, a trial court may consider equitable consideration and relax the applicable due diligence standards under appropriate limited circumstances. So the court was saying is when there's a purely legal discussion, you do a de novo review. But there is something other than a legal challenge. And if you look at the record, our motion set forth those specific issues, that they did not meet their burden under 137, that they cited the wrong statutory provisions, or that sanctions were granted based upon a motion that was motioned after the wrong date. So there were multiple reasons why the appellate by the trial court could have vacated its order. And that's what leads to our argument in the brief. And that's why we combined Supreme Court Rule 321 and 323 in a single argument. That's why we believe that the docket entry is insufficient because our motion was indeed entitled a motion to vacate a board judgment. But it did not simply discuss the lack of notice. In paragraph 8 of our initial petition to vacate, it explicitly stated that the court misapplied Supreme Court Rule 137 and did not analyze the waive summons under 12-806. So there was a second ground in addition to notice that this trial court could have used to vacate this sanctions award. Now in their response, they focused solely on the issue of notice. And if you look at our reply in this case, we made clear that 137 was violated and we make an extensive discussion about how they misapplied the law and got a sanction based on misapplication of the law, which is why this docket entry is problematic because it does not say that the court found the sanctions order void. It simply states, quote, the court has reviewed all the pleadings related to the Plaintiff's 214-01 petition to vacate this court's order. Plaintiff's motion is granted. So based on that fair record, it is insufficient for us to know did the court find the order void or was it another reason? Did they use their equitable principles? Was it because the court realized they should have done a 137 showing of a false statement of the wage garnishment? That 2204 does not apply on a wage garnishment. They're allowed to serve the employer, not the registered agent. I shouldn't have quashed the summons because the only remedy available under the Wage Reduction Act was a three-week continuance. So that is why we directed the court's attention to Supreme Court Rule 323, which specifically requires that their ruling be met to show what exactly the argument was and what the points were made before the court. The record shows, and their brief admits on October 13, 2017, there was a hearing before the judge. The judge didn't simply rule on the pleadings. The judge didn't simply say, counsel, I don't need argument. I've got the documents here and I'll read through it. The record reflects, and their brief admits, a hearing was held. They could have gotten a bystander's report. The party that argued on behalf of all of us was Lew Kostok. I believe his office is just down the street. He could have gotten an agreed statement of facts as to what happened. And when you look at their reply as well, the response to our motion of their petition to vacate, they argue that we sent a bunch of letters. So they knew. So they were attacking even diligence in that motion. And our reply stated, we never got these letters. So there was issues of credibility for the court to weigh. There were issues besides notice for the court to weigh. So consequently, a record is required for us to know, was voidness the argument that was made before the court? Was it the only argument before the court? What questions did the court ask? Without that, therefore, the court is required to take the trial court's ruling as being proper. And you can affirm that ruling on any record that appears, on any point that appears on the record, even if it was not argued. Now, we go forward in our briefing, we point out the various reasons, and I'm not going to belabor that point. We've already done that today. But what the fact remains is this. My client had a properly filed wage deduction. Yes, it was filed late. But the only remedy available was a continuance, not caution to summons and not sanctions. Our wage deduction file was truthful. There was not one fact, not one point of law that was improper. Yet despite that, a sanction was entered against my client. And what was the cost of that? What is the problem with the wage deduction being cost? Well, a fundamental right under our Illinois Constitution and under our law was taken from them. Because under the Illinois Wage Deduction Act, it operates as a lien on the judgment debtor's wages. And it operates in the same way as any other lien, first in time, first in right. So when that wage deduction summons was quashed, my client lost their first position in order to get their judgment satisfied by garnishing the wages of the judgment debtor. So by the court entering this order in default with a date that said May 195th, and with all the other legal issues which are presented both in our initial petition and in this appeal, we believe sufficient ground exists for this court to affirm the decision of the correct court. Thank you. Thank you, Counsel. Counsel? Thank you, Your Honors. Just a couple of things. At this point, it appears that now opposing counsel would ask to relitigate the issue that came up in the lower court. The fact is we're here based on the petition that they filed, the petition to avoid the prior judgment, and we're not here to determine whether that original judgment was correct or not. Their opportunity to appeal that was possible within the time period required after that decision was made. But it appears at this point they're asking that they should have essentially an unlimited time period to appeal that issue and now relitigate that issue in front of this court. However, that is not the issue we're here on. We are here on the 2-1401 petition that they filed to avoid the prior judgment. Now, they are also now raising a bunch of facts to argue their case on that petition and arguing that it was not just a petition to avoid the prior judgment. They're claiming that there are a variety of other factors that also took place. If that's the case, then they should have brought a regular 2-1401 petition that has additional requirements in order to be granted. It would require a meritorious defense. It would require due diligence to be shown. It goes above and beyond just the simple avoidance of that prior judgment. They simply have not done that in this case. As far as the question of what is reviewed or what can be reviewed based on the lower court's decision on this petition, the docket entry states that their decision was based on all of the pleadings or a review of the pleadings in that case. The pleadings are apparent based on both sides, what was filed and based on opposing counsel's petition to avoid the prior judgment. Ultimately, this is a question of whether this petition was properly heard and properly granted. The fact of the matter is opposing counsel needed to show that the court lacked jurisdiction in making that decision. That is the petition that they filed on their own and they have failed to do so. So again, I simply would ask this court to reverse the lower court's decision and grant a release in this case. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel and will take the case under advisement, issue a ruling in due course.